IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONEL M. REYNA, | ) | 8:11CV414 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KATHY HAMMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on its own motion. On April 3, 2012, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted. (Filing No. 15.) In particular, the court determined that:

> Reyna does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Cherry County or its employees, or that Cherry County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct relating to Reyna's medical conditions. In addition, Reyna does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Reyna has failed to allege sufficient facts to "nudge" his claims against Cherry County across the line from conceivable to plausible under the *Jane Doe* standard.

(*Id.* at CM/ECF p. 5.) In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.

  In response, Plaintiff filed a Letter on April 24, 2012, which the court liberally construes as an Amended Complaint. (Filing No. 16.) In his Letter, Plaintiff states that he has "lots of evidence," and requests that the court allow him to submit to a "lie detector" test to prove the truth of his allegations. (*Id.*) Plaintiff also reiterates some of the allegations of his original Complaint, but does not assert any additional

allegations. (*Id.*) Thus, after careful review of the Letter, the court finds that Plaintiff has failed to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that, regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim). For these reasons, and the reasons set forth in the court's April 3, 2012, Memorandum and Order, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because the Letter, liberally construed as an Amended Complaint (filing no. 16), fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order and the court's April 3, 2012, Memorandum and Order.

3. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 11th day of May, 2012.

BY THE COURT:

Warren K. Urbom

Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.